# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH SENOSKI, | ) |
| Petitioner, | ) Civil Action No. 08-1725 |
| v. | ) Chief Judge Ambrose |
| | ) Magistrate Judge Bissoon |
| RICHARD NARVIN, *et al.*, | ) |
| Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Kenneth Senoski be dismissed because it is a successive petition. A certificate of appealability should be denied.

### II. REPORT

Kenneth Senoski is a state prisoner who was convicted of Aggravated Assault, Attempted Rape and related charges in the Court of Common Pleas of Allegheny County, and who was sentenced to 12 ½ to 25 years imprisonment on November 14, 1997. Senoski's conviction was affirmed on direct appeal, and a subsequent proceeding under the Post Conviction Relief Act ("PCRA") resulted in a denial of relief.

Senoski filed a petition for writ of habeas corpus in this Court on December 19, 2008. Senoski, however, had filed a previous petition for writ of habeas corpus in this Court at Civil Action No. 05-41. That prior petition was denied on its merits on March 22, 2006 (Doc. 14, Civil Action No. 05-41).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. Tyler v. Cain, 533 U.S. 656, 661-62 (2001). If the prisoner asserts a claim that he or she has already raised in a previous federal habeas petition, the claim must be dismissed. 28 U.S.C. § 2244(b)(1). If the prisoner asserts a claim that was not raised in a previous petition, the claim also must be dismissed unless it falls within one of two narrow exceptions. One exception is reserved for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. 28 U.S.C. § 2244(b)(2)(B). The other exception relates to claims relying on new rules of constitutional law. 28 U.S.C. § 2244(b)(2)(A). In both instances, however, if a prisoner opts to file a second or successive section 2254 petition, AEDPA requires that he first seek authorization from the applicable court of appeals. 28 U.S.C. § 2244(3)(A).

Senoski has already filed a first petition for purposes of AEDPA, and he may not now seek habeas relief with respect to the same state court conviction unless he has first moved "in the appropriate court of appeals for an order authorizing the district court to consider the [second or subsequent] application." 28 U.S.C. § 2244(b)(3)(a). The lack of an order from the appellate court deprives this Court of jurisdiction to address the instant petition. "We have made it clear that '[u]nless both the procedural and substantive requirements of § 2244 are met, the District Court lacks authority to consider the merits of the petition.'" Goldblum v. Klem, 510 F.3d 204, 217 (3d Cir.2007), quoting Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir.2005).

A certificate of appealability should be denied because Senoski has not shown that jurists of reason would disagree that his federal habeas petition represents a second or subsequent

habeas petition. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000)(explaining standard for grant of a certificate of appealability where court does not address petition on the merits but rather on a procedural ground); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

### III. CONCLUSION

For all of the reasons stated above, the Petition for Writ of Habeas Corpus filed by Kenneth Senoski should be dismissed, and a certificate of appealability should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by January 22, 2009.

s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

Dated: January 5, 2009
cc:
**KENNETH A. SENOSKI**
DJ-8862
SCI Houtzdale
P.O. Box 1000
Houtzdale, PA 16698-1000